UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jennifer Lizzol,
Michael Lizzol, and T.G.,
 Plaintiffs

 v.  Case No. 15-cv-100-SM
  Opinion No. 2016 DNH 027
Brothers Property Management
Corporation, Out Back Kayak, Inc.,
and Martin Welch,
 Defendants

**O R D E R**

Jennifer Lizzol, her husband Michael, and the couple's son, T.G., bring this action seeking to recover damages for injuries they sustained in a snowmobiling accident while vacationing at the Mountain View Grand Resort & Spa, in Whitefield, New Hampshire. Defendants move to dismiss one of plaintiffs' negligence claims, asserting that it fails to state a viable cause of action under New Hampshire common law. See Fed. R. Civ. P. 12(b)(6). For the reasons discussed, that motion is granted.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short

and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

**Background**

Accepting the factual allegations of the amended complaint as true – as the court must at this juncture – the relevant background is as follows. In January of 2013, plaintiffs were vacationing in New Hampshire. Prior to their arrival, Jennifer Lizzol went to the Mountain View Grand Internet website and registered her family for a snowmobile lesson and tour. Those lessons and the guided tour were provided by an independent contractor used by Mountain View Grand: Out Back Kayak ("OBK"). On the day in question, OBK employee Martin Welch served as the Lizzols' instructor and tour guide.

According to the amended complaint, Welch provided plaintiffs – who had never driven snowmobiles before – with only cursory instructions on the operation of the machines. The group then set off on their tour. Jennifer Lizzol operated one

2

snowmobile, on which Michael was a passenger.  T.G. operated another.  The group was told to follow Welch, as he headed out on the trail.  But, say plaintiffs, Welch drove too quickly for them to safely follow and Jennifer (who was in the front of the tour group) eventually lost sight of him.  While trying to catch-up to Welch, Jennifer lost control of her snowmobile, which left the trail and flipped over.  Jennifer, Michael, and the snowmobile on which they had been riding rolled down an embarkment that was approximately seventy-five feet high.  As a result, Jennifer suffered severe injuries, including injuries to her spine.

In their multiple-count amended complaint, plaintiffs advance claims against Brothers Property Management Corporation (operator of Mountain View Grand Resort & Spa), OBK, and Martin Welch.  Defendants move to dismiss one of those claims, asserting that it fails to state a viable cause of action under New Hampshire law.

**Discussion**

In Count II(c) of their amended complaint, plaintiffs seek to impose vicarious liability on Mountain View Grand for the alleged negligence of Martin Welch - the employee of independent contractor OBK.  The essence of plaintiffs' claim is as follows:

> Because Defendant Mountain View Grand contracted with
> Out Back Kayak to provide guided snow mobile tours,
> which is an inherently dangerous activity, Defendant
> Mountain View Grand is therefore vicariously liable for
> the negligence of the tour guide committed while
> engaged in performing work as such a guide.

Amended Complaint (document no. 9) at para. 56 (emphasis supplied).

As plaintiffs acknowledge, New Hampshire law provides that, "[r]espondeat superior, or vicarious liability, ordinarily does not extend to torts by independent contractors because the employer reserves no control or power of discretion over the execution of the work." Arthur v. Holy Rosary Credit Union, 139 N.H. 463, 465 (1995). Here, that common law doctrine would preclude holding Mountain View Grand vicariously liable for the negligence of OBK and/or its employee, Welch. But, say plaintiffs, their claim against Mountain View Grand falls within an exception to that general principle. That exception provides that a party can be liable for its independent contractor's negligence if the independent contractor was, at the time, engaged in an "inherently dangerous activity." See Id. See also Elliott v. Pub. Serv. Co. of N.H., 128 N.H. 676, 679 (1986) ("[O]ne who undertakes an inherently dangerous activity has a non-delegable duty to protect third parties against injury resulting from that activity."). And, say plaintiffs, providing

4

riding lessons and giving guided snowmobile tours is such an inherently dangerous activity. Moreover, they point out that the New Hampshire Supreme Court has repeatedly held that "whether an activity is inherently dangerous is a question of fact to be determined by the trier of fact." Holy Rosary Credit Union, 139 N.H. at 466 (quoting Elliot, 128 N.H. at 682).

In response, defendants assert that, as a matter of law, providing snowmobiling lessons and tours does not meet the definition of an inherently dangerous activity. Consequently, they say, it would be inappropriate to permit a jury to consider that issue and plaintiffs' vicarious liability claim against Mountain View Grand necessarily fails. The court agrees.

The New Hampshire Supreme Court has made clear that not every potentially dangerous activity is an "inherently dangerous" one. Rather, to constitute an inherently dangerous activity, the risk of accident or injury to a third party must arise "directly from the [activity itself], and not from the negligent manner of its performance." Thomas v. Harrington, 72 N.H. 45, 46 (1903). See also Carr v. Merrimack Farmers Exch., 101 N.H. 445, 449 (1958) ("[T]he technical meaning given to the phrase 'inherently dangerous' as applied to undertakings conducted through independent contractors often implies work that is dangerous even

5

when conducted with reasonable care; and that the exception relating to such undertakings has been principally applied in cases of demolition, excavation, and other clearly dangerous activities particularly when conducted in proximity to public highways.").

More recently, the New Hampshire Supreme Court held that, in order to be "inherently dangerous," the activity:

> must be dangerous in and of itself and not dangerous simply because of the negligent performance of the work, and that [] danger must be naturally apprehended by the parties when they contract. Only then will the work constitute an inherent danger that places a non-delegable duty upon the one ordering it to protect third parties against resulting injury.

Holy Rosary Credit Union, 139 N.H. at 466 (citing Thomas, 72 N.H. at 46-47). So, for example, the court noted that while construction projects are "typically fraught with a variety of potential dangers that may arise if the work is not carefully done," they "do not, as a rule, fall within the inherently dangerous category." Holy Rosary Credit Union, 139 N.H. at 466.

So it is in this case. While training novices to safely operate a snowmobile and/or taking them on guided tours may involve an element of danger - particularly if done in a negligent manner - there is nothing inherently ultra-hazardous or

6

even particularly dangerous associated with that activity. Stated slightly differently, it is not an activity "that is dangerous even when conducted with reasonable care." Carr, 101 N.H. at 449. To the contrary, snowmobiling is a leisure activity that can, if performed in a non-negligent manner, be done with minimal risk of injury. It is an activity that is safely engaged in by numerous people each year, often absent any formal training and without the need to obtain any education, certification, or licensing from the State. Indeed, as plaintiffs' amended complaint makes clear, the activity of snowmobiling itself was not inherently dangerous; rather, it only became dangerous because of the alleged negligence of their tour guide.

The court concludes that the conduct in which Mountain View Grand's independent contractor was engaged - conducting basic operator training and providing guided snowmobile tours - was not an inherently dangerous activity, as that phrase is understood in New Hampshire's common law. Snowmobiling cannot fairly be compared to recognized inherently dangerous activities like blasting, demolition, and excavation. Consequently, Count II(c) of plaintiffs' amended complaint, seeking to impose vicarious liability on Mountain View Grand for the alleged negligence of OBK and its employee, fails to state a viable claim. See generally Holy Rosary Credit Union, 139 N.H. at 466 ("We find

7

that the trial judge properly ruled that because the inherent danger doctrine is inapplicable as a matter of law where, as here, the danger derived not from the nature of the work, but from the negligence of the contractor, there was no issue for the jury.") (citation omitted).

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' memorandum, defendants' motion to dismiss Count II(c) of plaintiffs' amended complaint (document no. 12) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 11, 2016

cc: Philip R. Waystack, Jr., Esq.
    Sandra L. Cabrera, Esq.
    Paul B. Kleinman, Esq.