**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Docket Number: 1:15-CV-100-SM

Jennifer Lizzol, Michael Lizzol and T.G.

v.

BROTHERS PROPERTY MANAGEMENT CORPORATION, OUTBACK KAYAK, INC.
OBK and MARTIN WELCH


**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY MEMORANDUM TO
THE DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO
AMEND OR ALTER UNDER RULE 59**

NOW COME the Defendants, Brothers Property Management, Inc. ("Mountain View"),

Outback Kayak, Inc. ("Outback"), and Martin Welch ("Welch"), by and through their attorneys,

Bouchard, Kleinman & Wright, P.A., and respectfully say as follows:

**I.      The facts alleged do not implicate public policy.**

Where the Plaintiffs' action is for personal injury incurred while engaging in a voluntary,

recreational activity, and the Defendants were not engaged in any activity affecting the public

welfare or the public at large, the Release did not violate public policy.  Whether relating to

instruction in snowmobile operation or execution of the snowmobile tour, the damages arise out

of a private, recreational snowmobile tour.  As previously set forth, snowmobiling is not an

activity of great importance or necessity to the public.  McGrath v. SNH Dev., Inc., 158 N.H.

540, 544 (2009).

This is not to say that an exculpatory contract associated with snowmobiling could never

implicate public policy.  For example, if a defendant was tasked with maintenance of a public

snowmobile trail system and conducted its maintenance duties in such a way as to render the trail

1

system dangerous or hazardous for use or inaccessible to emergency personnel, perhaps analysis of the enforceability of an exculpatory contract under such circumstances would be different. There are simply no such similar facts here.

The application of the Release here involves only negligence resulting in injuries personal to these Plaintiffs and to this action.  There is no public risk at issue.  The Plaintiffs' argument regarding incentivized bad faith, which could be made relative to any exculpatory contract, does not create a new avenue for implicating public policy.  In its Order on the Defendants' Motion for Summary Judgment, the Court properly and squarely rejected the argument that the Release incentivized a failure to make a good faith effort to carry out duties, holding that the argument, "while creative, avoids the public policy analysis required under New Hampshire law." Order on MSJ, Doc. 30, p. 20.

For these reasons, the Release is not injurious to the interests of the public, does not violate any public statute, and does not tend to interfere with the public welfare or safety. McGrath, 158 N.H. at 543.

## II.     There are no allegations of actionable conduct other than negligence properly before the Court.

The Plaintiffs have now injected the terms "reckless" and "bad faith" to cloud the fact that their action is based in negligence.  Indeed, in their Memorandum opposing summary judgment, the Plaintiffs directly advanced allegations of negligence, stating at one point that whether "relieving an instructor for liability for negligent instruction violates public policy appears to be a matter of first impression." Doc. 28-1, p. 20, n. 4.  Similarly, the Plaintiffs discussed at length the instructor's failure to exercise "reasonable care." See id., pp. 20-22. Reasonable care is the language of negligence.  Regardless of the words used, however, the substantive allegations relating to the subject tour, not any prior incident, were that Welch

proceeded at an unreasonable speed and travelled ahead of the Plaintiffs.  Thus, while the

Plaintiffs used the terms "reasonable care" and "good faith" interchangeably in their

Memorandum, see id., the substantive allegations continued to amount to negligence.  Excessive

speed does not in and of itself equate to bad faith without any allegations or evidence that the

Defendants acted in a calculated manner to cause the plaintiffs injuries and damages.  See

DeVries v. St. Paul Fire and Marine Ins. Co., 716 F.2d 939, 943-44 (1st Cir. 1983) (upholding a

bad faith standard in the context of an insurance contract based on "calculated and not

inadvertent" conduct).

Where the action sounds in negligence only, the Plaintiffs' attempt to distinguish between

a public policy violation at the time of formation of the exculpatory contract and bad faith in the

Defendants' performance is of no import.  The Plaintiffs have never alleged any contractual

claim, nor would the Plaintiffs be able to make out any such contractual theory.  The Release is

titled: Snow Machine Tour / ACKNOWLEGEMENT OF RISKS AND HAZARDS/

COVENANT NOT TO SUE/ WAIVER AND RELEASE OF LIABILITY.  It is clear and

unambiguous that this document is what it purports to be.  It is not as the Plaintiffs contend some

type of stand-alone services contract that specifies the manner in which the Defendants are to

perform and undertake their services; rather, the document is solely a release and waiver.

Similarly, no theory of recklessness was developed prior to entry of judgment.  The

Complaint fails to make out any claim of recklessness relative to the tour in which the Plaintiffs

participated.  Again, the only reference to recklessness was with respect to prior tours.  Amended

Complaint, Doc. 9, ¶¶ 36-37.  Even if these paragraphs did apply to the subject tour, however,

the Plaintiffs' conclusory use of the word "reckless" does not substantively support a theory of

recklessness.  The Plaintiffs merely state in conclusory fashion that Welch had engaged in

"reckless and/or negligent instruction" previously and that he had driven at "excessive speeds" during prior tours.  Id.  None of the facts alleged support a conscious disregard on the part of the Defendants that their conduct would create a great risk of harm to the Plaintiffs during the events giving rise to the Plaintiffs' action.[1]  See Thompson v. Forest, 136 N.H. 216, 220 (1992) (citing W.P. Keeton et al., Prosser and Keeton on the Law of Torts § 8 at 36 (5th ed. 1984)).  Instead, the allegations consistently refer to Welch proceeding at an unreasonable and unsafe speed and his failure to keep a lookout and monitor, i.e. ordinary negligence and nothing more.  The Plaintiffs' effort to now transform their allegations to recklessness and bad faith are unsupported by the record.

The Plaintiffs argue that their failure to plead claims of bad faith or recklessness is immaterial, as an affirmative defense to liability waiver need not be pleaded.  They cite a Seventh Circuit Court of Appeals case, Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687 (7th Cir. 2012), in support of this notion.  Brownmark, however, merely provides that an affirmative defense is external to the complaint.  Id. at 690 n.1.  It is entirely unclear how this translates to allowing a plaintiff to amend its allegations to defeat a liability waiver defense at any time of its choosing, even after entry of judgment.  The Plaintiffs tellingly cite no direct authority on this point.  The law of this jurisdiction is clear that a post-judgment motion for reconsideration does not provide a party carte blanche to present previously unpled theories and arguments.  See Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).  The Plaintiffs had an obligation to plead sufficient facts so as to defeat a waiver defense.

---

[1] The facts as developed through discovery actually demonstrated that quite to the contrary, Welch's actions were governed by a conscious regard for the tour participants' safety.  He proceeded ahead as he did in order to look out for oncoming snowmobile traffic and to gather the tour participants in an area before the trail narrowed.  Welch Depo., pp. 140-41, attached as Exhibit A.

The Defendants raised the affirmative defense of waiver and release based upon the written Release at issue in their Answers filed on June 25, 2015.  Answers, Docs. 13,14, Affirm. Defense A.  The Plaintiffs had ample opportunity to amend their Complaint in response and never did so.  The notion advanced by the Plaintiffs that bad faith and recklessness theories can be plucked out of the ether at any time would leave defendants advancing an exculpatory contract flailing haplessly in the dark at a moving target.  Indeed, the Defendants' entire litigation strategy throughout the twenty-plus month life of this action has been based upon the presentation of a case sounding only in negligence.  The Defendants' deposition strategy, decisions whether or not to retain a liability expert, and maneuvering the case toward and incurring significant expense seeking summary judgment were all done under the framework of the negligence alleged.  This reality belies the notion that the Defendants would not be prejudiced by the Court now entertaining claims of recklessness and bad faith after entry of judgment and over twenty months of litigation.  There would be profound prejudice.

## Conclusion

For the reasons set forth herein and in prior pleadings, the Plaintiffs have failed to set forth a basis to alter or amend the judgment previously entered, and the Court should reaffirm its decision.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A.      Deny the Plaintiffs' Motion to Amend or Alter under Rule 59; and

B.      Grant such further relief as is just and equitable.

Respectfully submitted,
Brothers Property Management Corporation and Outback Kayak, Inc.,
OBK and MARTIN WELCH

By:     BOUCHARD, KLEINMAN & WRIGHT, P.A.

By:      /s/ Paul B. Kleinman
         Paul B. Kleinman - NH Bar #2852
         799 Mammoth Road
         Manchester, NH  03104
         603-623-7222

DATE:         December 16, 2016

## CERTIFICATION

I hereby certify that a copy of the foregoing was forwarded this date to all counsel or parties of record via ECF.

          /s/ Paul B. Kleinman
         Paul B. Kleinman - NH Bar #2852